UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES,

-vs-

ASTON JOHNSON,
a/k/a Richard Burke,
a/k/a Daniel Arroyo,
a/k/a Robert Brooks,

                      Defendant.

DECISION and ORDER

10-CR-6128 CJS-6

_____

## INTRODUCTION

Now before the Court is Aston Johnson's ("Defendant") *pro se* "Motion for the Application of Section 403 and Section 401 of the First Step Act of 2017-2018." For reasons explained below, the application is denied.

## BACKGROUND

The reader is presumed to be familiar with the underlying facts of this case. Very briefly, Defendant was a member of an interstate marijuana distribution ring who, along with two of his co-defendants, traveled to Rochester and committed a cold-blooded execution of three men who he believed had cheated him out of drugs and money. Following a jury trial Defendant was convicted of violations of 21 U.S.C. § § 846 & 851 (Conspiracy to Possess with Intent to Distribute and to Distribute 1,000 Kilograms or More of Marijuana), 18 U.S.C. § 924(c)(1) (Possession of a Firearm in Furtherance of a Drug Trafficking Crime), 18 U.S.C. §§ 924(c)(1) & 924(j)(1)&(2) (Possession and Discharge of a Firearm in Furtherance of a Drug Trafficking Crime and with Such Firearm Did Commit Murder) and 21 U.S.C. § 848(e)(1)(A) (Conspiracy to Possess with Intent to Distribute and to Distribute 1,000 Kilograms or More of Marijuana, and Did Intentionally Kill and Cause the Intentional Killing of an Individual). The Court sentenced Defendant principally to four consecutive life sentences plus sixty

1

months.

The United States Court of Appeals for the Second Circuit denied an appeal by Defendant and his two co-defendants, Richard Anderson ("Anderson") and Andrew Wright ("Wright"), observing in pertinent part:

> Defendants, who were participants in a cross-country marijuana-distribution operation, were convicted under drug-conspiracy, firearm-possession, and murder statutes in connection with their murders of Robert Moncriffe, Mark Wisdom, and Christopher Green (together, the "Victims") in Greece, New York.

Second Circuit Case 14-1027, Document 469 at pp. 1, 6-7.  The Second Circuit's decision also discussed the elaborate planning and coordination that the defendants engaged in prior to the murders, which included travel from distant states with stops along the way to purchase the firearms that were used to commit the murders. *Id*. at pp. 2, 6-7.

Defendant did not thereafter file any collateral attack on his conviction or sentence.[1]  Defendant, who is now 52 years of age, is serving his sentence at USP Pollock.

On August 3, 2020, Defendant, proceeding *pro se*, filed the subject motion (ECF No. 613) for a reduced sentence, captioned as a "Motion for the Application of Section 403 and Section 401 of the First Step Act of 2017-2018."  The motion has two aspects.

First, Defendant asks the Court to reduce his sentence pursuant to Section 403(a) of the First Step Act which, in pertinent part,

> eliminated so-called § 924(c) 'stacking,' whereby multiple § 924(c) charges in the same indictment could yield enhanced consecutive mandatory minimum sentences under § 924(c)(1)(C) if a defendant was convicted on more than one of the charged § 924(c) counts.

*United States v. Waite*, 12 F.4th 204, 209 (2d Cir. 2021) (citation omitted).

---

[1] On June 14, 2021, Defendant filed a motion (ECF No. 624) in which he expressed an intention to file a Section 2255 motion, but he never did so.

Defendant maintains that his multiple 924(c) sentences were "stacked" in the manner that was later prohibited by Section 403(a).  Section 403(a) was signed into law on December 21, 2018, more than four years after Defendant was sentenced on April 1, 2014, and does not apply retroactively to persons who were sentenced prior to its enactment.[2]  Nevertheless, Defendant argues that the subsequent enactment of Section 403(a) shows that his sentence was "fundamentally unfair" in violation of the 5th Amendment Due Process Clause, insofar as it involved "stacked" consecutive sentences.[3]

Second, Defendant argues that his "enhanced sentence for a prior drug felony offense cannot stand under Section 401 of the First Step Act of 2018."  In that regard, when Defendant was sentenced in 2014 under Count 1 of the Indictment for conspiracy to possess with intent to distribute and to distribute 1000 kilograms or more of marijuana, the mandatory minimum sentence for someone like him, who had a prior conviction for a felony drug offense (851 enhancement), under 21 U.S.C. § 841(b)(1)(A), was twenty (20) years, with a maximum of life.  Section 401 of the First Step Act amended 21 U.S.C. § 841(b)(1)(A) by changing that sentencing range to a mandatory minimum of fifteen years and a maximum of life.  Defendant argues that because of Section 401 of the First Step Act, "this Court is now invested with the discretion to reconsider [his] sentence for Count 1."

On January 15, 2021, the Government filed a response, opposing Defendant's application.  The Government generally contends that, "the motion should be denied [since] the changes to the law which Johnson invokes simply do not apply to [him]."   More specifically, the Government indicates that

---

[2] *See, U.S. v. Waite*, 12 F.4th at 214 ("Congress expressly declined to make the First Step Act's amendment to § 924(c)(1)(C) fully retroactive. See First Step Act, § 403(b), 132 Stat. at 5222 (providing that the First Step Act's amendments to § 924(c)(1)(C) apply only to an "offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment").

[3] See, ECF No. 613 at p. 6 ("Johnson was deprived of his constitutional right to due process ("fundamental fairness"), because how could Johnson's mandatory consecutive life sentences be 'fundamentally fair' under Section 403 of the First Step Act of 2018.")

Defendant's argument concerning his multiple 924(c) sentences lacks merit for two reasons, namely, the section of the First Step Act to which he refers does not apply retroactively, and his 924(c) sentences were not "stacked" in any event:

> Section 403(b) [of the First Step Act] provides that the amendments concerning § 924(c)'s penalty provisions "apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." Accordingly, the § 924(c) amendments do not affect defendants like Johnson who were sentenced before December 21, 2018, when the First Step Act was enacted.
>
> Moreover, Johnson's sentence on his 924(c) convictions in Counts 2, 3, 5 and 7 were not based on any type of "stacking." The sentence on the Count 2 conviction was the regular mandatory minimum of 60 months. The life sentences on each of the three 924(c) murder counts were based on the applicable guidelines which called for a life sentence on each.

Government's Resp., ECF No. 618 at p. 4.

The Government similarly contends that Defendant's argument concerning his sentence under Count 1 of the Indictment lacks merit for two reasons, namely, the section of the First Step Act to which he refers does not apply retroactively, and his sentence was not affected by any change in the statutory mandatory minimum:

> The life sentence imposed by the Court on the Count 1 conviction for the drug conspiracy was based on the applicable guidelines which cross-referenced the murder guidelines and thus resulted in the guideline offense level for Count 1 of 47. Thus, the reduction of the mandatory minimum from 20 years to 15 years for recidivism under the First Step Act does not impact the sentence imposed on Count 1. Moreover, as with the changes in Section 403 of the First Step Act, the changes in Section 401 of the Act also "apply to any offense that was committed before the date of enactment of th[e] Act [December 21, 2018], if a sentence for the offense has not been imposed as of such date of enactment." Since this Court sentenced the defendant on March 11, 2014, the changes to the

>  mandatory minimum sentences for recidivist drug traffickers would still not apply to Johnson, even if they were relevant, which they are not.

Government's Resp., ECF No. 618 at p. 5.

Finally, the Government indicates that to the extent that Defendant's application can be construed as seeking "compassionate release" under 18 U.S.C. § 3582(c)(1)(A), it should be denied since Defendant did not exhaust his administrative remedies before filing the motion.

On February 8, 2021, Defendant filed a reply (ECF No. 620). Defendant first clarifies that he is *not* seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). Next, Defendant adds an additional argument for why the Court should reduce his sentence under Count 1 of the Indictment, which is that the prior drug felony conviction referenced in the Government's 851 Information would not *presently* constitute a felony in the State of New Jersey. On this point, Defendant states:

> [T]he State of New Jersey has since repealed its marijuana laws – rendering Johnson's prior marijuana conviction a misdemeanor. Thus, the sentence imposed by the Court on Count 1 is unconstitutional. Johnson's guideline offense level for Count 1 cannot be at 47 any longer, because the 851 Information used to enhance his guideline offense level based upon a prior drug [felony] conviction is invalid.

Def.'s Reply (ECF No. 620) at p. 5. Additionally, Defendant argues that the First Step Act should apply retroactively to him, since even though he was sentenced in 2014 his appeal was still pending in 2018 when the First Step Act was enacted. On this point, Defendant states in pertinent part:

> Applying the First Step Act to non-final criminal cases pending on direct review at the time of enactment is consistent with longstanding authority applying favorable changes to penal laws retroactively to cases pending on appeal. At least the rule of lenity requires the ambiguity to be resolved in the defendant's favor. The

5

> Supreme Court has long recognized that a petitioner is entitled to application of a positive change in the law that takes place while a case is on direct appeal as opposed to a change that takes place while a case is on collateral review.

Def.'s Reply, ECF No. 620 at p. 4 (citations omitted).

## DISCUSSION

<u>Defendant's *Pro Se* Status</u>

Defendant filed the subject application *pro se*, and consequently the Court has construed his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

<u>The Motion Under Section 401 of the First Step Act Lacks Merit</u>

Defendant maintains that the Court should reduce his sentence under Count 1 of the Indictment based on the First Step Act's subsequent amendment of 21 U.S.C. § 841(b)(1)(A). However, this argument lacks merit, since the provision that he cites does not apply retroactively to defendants who were sentenced prior to the First Step Act's enactment:

> Defendant argues that under the First Step Act, Congress reduced the mandatory minimum sentence applicable to his conviction for crack conspiracy under 21 U.S.C. §§ 846, 841(b)(1)(A). Before trial the Government filed a prior felony information ("PFI") under 21 U.S.C. § 851, which had the effect of doubling the mandatory minimum from ten years to twenty. In the First Step Act, Congress reduced the increase, so that the PFI would increase the mandatory minimum from ten years to fifteen. Pub. L. 115-391, § 401(a)(1), 132 Stat. 5194, 5220 (2018). But the change was not retroactive. *Id*. § 401(c), 132 Stat. at 5221. The First Step Act itself thus gives Defendant no procedural pathway for a reduction. Nor does 18 U.S.C. § 3582(c)(2), which relates to modifications based on a Sentencing Guidelines range that has been reduced, not a mandatory minimum that has been reduced.

*United States v. Fuller*, No. 09-CR-274-03 (CS), 2020 WL 5849442, at *1 (S.D.N.Y. Oct. 1, 2020).

6

Additionally, the fact that Defendant's appeal was still pending when the First Step Act was enacted does not affect the non-retroactivity of the provision. *See, United States v. Thomas*, 810 F. App'x 207, 208–09 (4th Cir. 2020) ("Thomas argues that the First Step Act applies to him because his appeal was pending when the statute was enacted. This argument is foreclosed by our recent decision in *United States v. Jordan*, 952 F.3d 160, 172–73 (4th Cir. 2020)[, *cert. denied*, 141 S. Ct. 1051, 208 L. Ed. 2d 521 (2021)] (holding that § 403 of First Step Act, which has same retroactivity language as § 401, does not apply to cases pending on appeal at time of enactment and agreeing with other circuits holding that § 401 does not apply to cases pending on appeal at time of enactment).[4]

Defendant alternatively argues that the Court should reduce his sentence under Count 1 since the State of New Jersey, in which he was previously convicted of a felony drug crime, subsequently amended its penal law to make that crime a misdemeanor.  However, this claim is not related to Section 401 of the First Step Act.  Moreover, Defendant raises the argument for the first time in his reply, which is an independent basis to deny relief.  Finally, even if Defendant had properly raised the argument, New Jersey's subsequent re-classification of the offense as a misdemeanor would not render his sentence incorrect, since the offense was a felony when his state conviction became final. *See, United States v. Santillan*, 944 F.3d 731, 733–34 (8th Cir. 2019) ("This Court applies the same "historical fact" approach [as the Ninth Circuit] to sentencing enhancements under 21 U.S.C. § 841(b)(1)(A): a prior conviction qualifies as a "felony drug offense" if it was punishable as a felony at the time of conviction.  Here, Santillan was convicted of possession of marijuana for sale in the Superior Court for

---

[4] *See also, U.S. v. Jordan*, 952 F.3d at 172 ("[I] n common usage in federal sentencing law, a sentence is "imposed" when the district court announces it, not when appeals are exhausted. That consistent usage reflects the common understanding that imposing sentences is the business of the district courts, while courts of appeals are tasked with reviewing them.  It also is consistent, as the government points out, with the fact that defendants ordinarily begin serving their sentences as soon as they are handed down by a district court, regardless of any appeal.") (citations, internal quotation

7

Lancaster County, California in 2008, which was a felony under California law at that time. Thus, his California conviction qualifies as a "felony drug offense" notwithstanding the fact it was later redesignated as a misdemeanor."), *cert. denied*, 140 S. Ct. 2691, 206 L. Ed. 2d 835 (2020); *see also, United States v. Hearron*, No. CR 91-392-TUC-CKJ, 2020 WL 1307989, at *3 (D. Ariz. Mar. 19, 2020) ("[T]he reclassification of Hearron's certain past felony convictions as misdemeanors does not undermine a prior conviction's felony-status for purposes of § 841. California's later actions cannot change the fact that Hearron committed his federal offense after two or more convictions for a felony drug offense had become final.") (citing *U.S. v. Diaz*, 838 F.3d 968, 974 (9th Cir. 2016) (citations and internal quotation marks omitted); *United States v. Sanders*, 909 F.3d 895, 900 (7th Cir. 2018) ("We join the Third and Ninth Circuits in holding that a defendant who commits a federal drug offense after previously being convicted of a state felony drug offense is subject to § 841's recidivist enhancement even if that prior offense was reclassified as a misdemeanor[.]").

Nor does Defendant's argument on this point state a constitutional violation. *See, U.S. v. Sanders*, 909 F.3d at 904 ("Sanders argues applying the § 841(b)(1)(B) enhancement under these circumstances [(where the felony crime for which he received an 851 enhancement is re-classified under state law as a misdemeanor)] is contrary to the Fifth Amendment's Due Process and Equal Protection Clauses and the Tenth Amendment's federalism principles. We disagree.").

In sum, none of Defendant's arguments concerning his sentence under Count 1 of the Indictment have merit.

<u>The Motion Under Section 403 of the First Step Act Lacks Merit</u>

Defendant also maintains that the Court should reduce his sentences for his 924(c) convictions under Counts 2, 3, 5 and 7 of the Indictment based on the

marks and footnotes omitted).

First Step Act § 403's subsequent amendment of 18 U.S.C. § 924(c).[5]  The Government, meanwhile, contends that Section 403 does not apply retroactively, and that Defendant's 924(c) counts were not "stacked" in the manner which he alleges.  The Court agrees with the Government that Defendant's argument lacks merit since Section 403 of the First Step Act does not apply retroactively to defendants who were sentenced prior to the law's enactment:

> [O]n December 21, 2018, the First Step Act was signed into law. *See* Pub. L. No. 115-391, 132 Stat. 5194. As relevant here, § 403(a) of the First Step Act eliminated so-called § 924(c) "stacking," whereby multiple § 924(c) charges in the same indictment could yield enhanced consecutive mandatory minimum sentences under § 924(c)(1)(C) if a defendant was convicted on more than one of the charged § 924(c) counts.
>
> ***
>
> Congress expressly declined to make the First Step Act's amendment to § 924(c)(1)(C) fully retroactive. See First Step Act, § 403(b), 132 Stat. at 5222 (providing that the First Step Act's amendments to § 924(c)(1)(C) apply only to an "offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment")

*United States v. Waite*, 12 F.4th 204, 209, 214 (2d Cir. 2021).  Consequently, Section 403 of the First Step Act does not apply to Defendant, even though his direct appeal was pending when the legislation took effect. *See, U.S. v. Waite*, 12 F.4th at 218 ("While various courts of appeals are split on whether § 403(a) applies at resentencing following a remand, they are unanimous in holding that First Step Act § 403 does not extend to defendants who were sentenced prior to the Act's enactment but have not yet exhausted their direct appeals.  We recently joined our sister circuits on this issue[.]") (citations and internal quotation marks omitted).

Defendant alternatively argues that Section 403's amendment of Section

---

[5] Defendant acknowledges that even if he was correct, he would still be left with a sentence of

9

924(c), to eliminate stacking, shows that his sentence, which included multiple consecutive 924(c) sentences, was fundamentally unfair and therefore violated his Fifth Amendment right to due process:

> Johnson was deprived of his constitutional right to due process ("fundamental fairness"), because how could [his] mandatory consecutive life sentences be "fundamentally fair" under Section 403 of the First Step Act of 2018[?].

ECF No. 613 at p. 6.  However, the Second Circuit rejected this line of reasoning in *U.S. v. Waite*, cited earlier, in which a defendant had argued that the enactment of Section 403 of the First Step act showed that his prior sentence, which included stacked mandatory consecutive 924(c) sentences, violated the Eighth Amendment, observing that,

> this legislative change does not transform what would otherwise be a constitutionally sound sentence into a cruel and unusual one, for the simple reason that Congress expressly declined to make the First Step Act's amendment to 924(c)(1)(C) fully retroactive.
>
> Indeed, if we were to accept [defendant's] challenge to his sentence premised on the First Step Act, every non-retroactive change in criminal penalties would risk running afoul of the Eighth Amendment merely because those defendants sentenced before the change faced different penalties than those sentenced after the legislative change.  But as the Supreme Court has explained, disparities, reflecting a line-drawing effort, will exist whenever Congress enacts a new law changing sentences (unless Congress intends re-opening sentencing proceedings concluded prior to a new law's effective date.)  This is the nature of Congress's authority to decide the retroactive effect of new statutory provisions.  Unless Congress provides otherwise, diminished penalties in criminal statutes do not apply retroactively by default.  Thus, we reject the contention that the passage of a new statue lessening the penalties applicable to a crime suggests that pre-enactment sentences for the same crime run afoul of the Eighth Amendment.

---

life plus sixty months. ECF No. 613 at p. 7.

*U.S. v. Waite*, 12 F.4th at 214-215 (citations and internal quotation marks omitted); s*ee also, Meeks v. Jago*, 548 F.2d 134, 138 (6th Cir. 1976) (Criminal defendant was not denied due process or equal protection where he was sentenced according to the statute applicable at the time of his sentencing, even though the sentencing statute was later amended non-retroactively to provide for a lesser sentence for the same conviction), *cert. denied*, 434 U.S. 844, 98 S.Ct. 145 (1977) (disagreed with on other grounds by *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982)); *Dockins v. Hines*, 374 F.3d 935, 940 (10th Cir. 2004) ("[W]e have repeatedly refused to find a federal constitutional right to retroactive application of the more lenient sentencing rules from which Petitioner seeks to benefit.").

For these reasons, Defendant's application under Section 403 of the First Step Act lacks merit and is denied.

<u>Compassionate Release</u>

Finally, Defendant clearly indicates that he is *not* seeking compassionate release. However, even if Defendant were seeking that relief, the Court would deny the motion since he did not exhaust administrative remedies and since the application would fail on the merits. The legal principles applicable to such a motion are clear:

> As part of the First Step Act of 2018, Congress authorized courts to consider an inmate's motion for a discretionary sentence modification for "extraordinary and compelling reasons," often colloquially called a motion for compassionate release. *See* Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (amending 18 U.S.C. § 3582(c)(1)(A)).

*U.S. v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021).

> [T]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release. Neither Application Note 1(D), nor anything else in the now-outdated version of [U.S. Sentencing] Guideline § 1B1.13, limits the

11

district court's discretion.

*United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "Even if 'extraordinary and compelling' circumstances exist, a district court may not reduce a defendant's sentence before considering 'the factors set forth in section 3553(a) to the extent that they are applicable.'" *United States v. Cummings*, No. 20-3156-CR, 2021 WL 4142844, at *1 (2d Cir. Sept. 13, 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

Here, Defendant did not exhaust administrative remedies, and the Court does not find the factors that he cites to be extraordinary or compelling reasons to shorten his sentence. Moreover, even assuming *arguendo* that Defendant had demonstrated extraordinary and compelling reasons, the Court nevertheless finds that the Section 3553(a) factors weigh heavily against granting relief due to the exceedingly grave nature of his crimes.

## CONCLUSION

Defendant's application (ECF No. 613) is denied.

SO ORDERED.

Dated: Rochester, New York
       November  3, 2021            ENTER:

                                    /s/ Charles J. Siragusa
                                    CHARLES J. SIRAGUSA
                                    United States District Judge